IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 07-18-JJF |
| | ) |
| BARRY M. YOUNG, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Barry M. Young, by and through his attorney, Victor Bittaglia, Sr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts I and II of the Indictment, each of which charges him with making a false and fraudulent material statement, in violation of 18 U.S.C. § 1001(a). The maximum penalties for each offense are not more than five years of imprisonment, a $250,000 fine, or both, three years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to each Count of the Indictment: (1) the defendant made a false statement to a department or agency of United States government regarding a matter within its jurisdiction; (2) the defendant made the statement intentionally, knowing that it was false; (3) the statement was material; and (4) the defendant made the false statement for the purpose of misleading the federal agency or department.

3. The parties stipulate and agree that, based on information known to date, that the government's evidence is sufficient to prove that the loss resulting from the defendant's offense

conduct and the conduct for which the defendant is held responsible pursuant to United States Sentencing Guideline ("U.S.S.G.") Section 1B1.3(a)(2) (relevant conduct) is greater than $30,000 but less than $70,000, pursuant to U.S.S.G. Section 2B1.1(b)(1)(D) of the November 1, 2006, U.S. Sentencing Guidelines Manual. Accordingly, before any other adjustments, the defendant's offense level is 12.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, pursuant to Sentencing Guideline Section 3E1.1.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the

Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7.  Government agrees that it will dismiss Counts III and IV of the Indictment on the day of sentencing.

8.  The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____                By: _____
Victor Bittaglia, Sr., Esquire                     Ilana H. Eisenstein
Attorney for Defendant                              Assistant United States Attorney

_____
Barry M. Young
Defendant

Dated: 6/13/2007

AND NOW, this 13th day of June, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge

FILED
JUN 13 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3